| | |
|---|---|
| JOE MURDOCK III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SHERIFF JOHNNY BARNES, ET AL., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the motion by Sheriff Johnny Barnes, T.W. Keech Jr., James Hinson, and Western Surety Company ("defendants") to strike [DE-23] ("motion to strike") the "first amended complaint" of plaintiff [DE-20]. For the reasons provided below, plaintiff is given leave to amend his complaint, and defendants' motion to strike [DE-23] is DENIED AS MOOT.

## I. RELEVANT BACKGROUND

Plaintiff filed a delayed service complaint in Washington County superior court on December 22, 2023. *See* [DE-24-1] at 2-34; [DE-24] at 2; [DE-27] at 1. Plaintiff did not serve this complaint on any defendants. *See* [DE-24] at 2; [DE-27] at 1-2. Plaintiff then amended his complaint on August 28, 2024. *See* [DE-1-2] at 2; [DE-24] at 2; [DE-27] at 2. Defendants removed the case to this court on October 16, 2024. [DE-1]. On December 3, 2024, plaintiff filed the instant amended complaint [DE-20]. On December 9, 2024, defendants filed the motion to strike [DE-23], with a memorandum in support [DE-24], including one exhibit [DE-24-1]. . On January 21, 2025,[1] plaintiff filed a response in opposition to defendants' motion to strike. [DE-

---

[1] On December 20, 2024, plaintiff filed his first motion for extension of time to file a response to the motion to strike [DE-26], which the Clerk of Court granted on the same day, extending the deadline to respond until January 21, 2025. *See* Text Order December 20, 2024.

27], to which defendants filed a reply on January 23, 2025 [DE-28].

## II. ANALYSIS

Defendants move to strike plaintiff's amended complaint [DE-20], arguing plaintiff already amended his complaint once as a matter of course in state court and did not seek leave of this court to amend. [DE-24] at 3-4. Plaintiff notes that he filed his amended complaint [DE-20] nineteen days after defendants were served [DE-18]. [DE-27] at 2. Plaintiff argues that his amended complaint [DE-20] "was filed within the 21-day window provided by Rule 15(a)(1), and [it] should be allowed." *Id.*

Under the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after serving it, or . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1); *see also Logue v. Patient First Corp.*, 246 F. Supp. 3d 1124, 1126-27 (D. Md. 2017) (noting that Rule 15 creates "*only one* opportunity . . . to amend any pleading as a matter of course").

An amendment to a complaint made in state court prior to the case's removal to federal court still functions as a plaintiff's amendment as a matter of course under Rule 15(a). *See Matemu v. Brienzi*, No. 5:19-cv-380-M, 2020 U.S. Dist. LEXIS 71746, at *9-11 (E.D.N.C. Apr. 23, 2020) (granting a motion to strike an amended complaint where the complaint was amended without the court's leave and plaintiff had already amended the complaint in state court).

Here, plaintiff amended his complaint in state court before defendants were served. *See* [DE-24] at 2; [DE-27] at 1-2. Other courts in this circuit and elsewhere have found amendments made before service do not count as a plaintiff's one amendment as a matter of course. *See Cecil v. Hamrick*, No. 7:23-cv-507, 2025 U.S. Dist. LEXIS 55192, at *2-3 (W.D. Va. Mar. 25, 2025)

(finding the first amended complaint did not count as plaintiff's one amendment by right because it was amended before service); *Sosa v. Prince William-Manassas Reg'l Adult Det. Ctr.*, No. 1:24-cv-00499 (RDA/WBP), 2024 U.S. Dist. LEXIS 89607, at *11 (E.D. Va. May 17, 2024) ("[T]he Court finds important the core concept in Rule 15(a)(1) that a party should have a right to amend a pleading one time as a matter of right after a motion to dismiss has been served."); *Maldonado v. Ford*, No. 5:19-cv-421 (MTT), 2021 U.S. Dist. LEXIS 121842, at *2 (M.D. Ga. June 30, 2021) (collecting cases). This court has previously found that amendments made before service are still made as amendments as a matter of course under Rule 15(a). *See Swanson v. NC DOT*, No. 7:20-cv-45-M, 2020 U.S. Dist. LEXIS 68213, at *2 (E.D.N.C. Apr. 17, 2020) ("Here, '[t]he Complaint has not been served and no responsive pleading has been filed. Therefore, Plaintiff is entitled to amend *once* as a matter of right.'" (quoting *Torres v. Davis*, 1:18-cv-314-FDW, 2019 U.S. Dist. LEXIS 48721, at *5 (W.D.N.C. Mar. 23, 2019)) (alteration in original) (emphasis added)); *Alford v. S. Gen. Ins.*, No. 7:12-cv-273-BR, 2013 U.S. Dist. LEXIS 35242, at *5 (E.D.N.C. Mar. 14, 2013) ("Here, plaintiff filed his first amendment to the complaint . . . before any defendant was purportedly served . . . . Plaintiff's subsequent attempts at amendment as of right are of no effect." (citations omitted)).

The court notes that the plain language of Federal Rule of Civil Procedure 15, following its 2023 amendment, makes the end of the opportunity to amend a pleading as a matter of course dependent on service of either the complaint, a responsive pleading, or a Rule 12 motion, but does not appear to create a corresponding limitation on the beginning of the timeframe to amend as a matter of course. *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading *once* as a matter of course *no later than* . . . 21 days after serving it . . .") (emphasis added). The two cases from this circuit on this topic cited above, *Cecil* and *Sosa*, each appear to base their analysis on the

3

language of Rule 15(a) prior to the 2023 amendment. Rule 15(a) previously provided that a pleading may be amended as a matter of course "*within* . . . 21 days after [the applicable service]." Fed. R. Civ. P. 15(a)(1) (2022) (emphasis added); *cf. Cecil*, Civil Action No. 7:23-cv-00507, 2025 U.S. Dist. LEXIS 55192, at *2; *Sosa*, No. 1:24-cv-00499 (RDA/WBP), 2024 U.S. Dist. LEXIS 89607, at *6.

In this particular instance, the court need not determine whether these procedural nuances should prevent the court's consideration of plaintiff's amended complaint [DE-20]. Various courts have recognized the ability of a court to provide leave to amend a complaint *sua sponte* under certain circumstances. *See Thweatt v. Prince George Cnty. Sch. Bd.*, Civil Action No. 3:21cv258-HEH, 2021 U.S. Dist. LEXIS 168152, at *13 (E.D. Va. Sep. 3, 2021) ("A court may grant leave to amend sua sponte."); *Rutledge v. N.C. Dep't of Revenue*, No. 1:14CV45, 2014 U.S. Dist. LEXIS 120785, at *10 (M.D.N.C. Aug. 29, 2014) ("[S]ome courts have held that 'an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change.'") (citing 6 Charles Alan Wright et al., Federal Practice and Procedure § 1484, at 685 n.17 (3d ed. 2010)); *Ard v. Zold (In re Ard)*, 668 B.R. 395, 403 (Bankr. D.S.C. 2025) (sua sponte granting a party a period of days to amend its complaint clarify certain ambiguities in the complaint). The court notes the general admonition that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In his response to the motion to strike, plaintiff requests in the alternative that he be granted leave to file his amended complaint. [DE-27] at 3.

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend "should [be] freely [given] when

4

justice so requires." *See also Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend "should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001)). Although the parties disagree regarding whether the claims ultimately survive, the parties appear to agree that "[t]he only substantive change between the [versions of the complaint at issue] is the naming of Western Surety as a defendant in place of 'John Doe Surety.'" [DE-28] at 6 (citing plaintiff's response [DE-27] at 2).

Given the nuances of the procedural law in this question, as discussed above, the court does not find that plaintiff brought his amendment in bad faith. Defendants argue in their reply [DE-28] that any claims against Western Surety are also time barred, and therefore amending the complaint to include Western Surety as a defendant would be futile. [DE-28] at 10-11. Because defendant raised this argument in its reply brief, the court does not have the benefit of plaintiff's response to any such arguments. *See MichJeff, LLC v. FCX Glob., Inc.*, No. 7:24-cv-449-D, 2024 U.S. Dist. LEXIS 116073, at *14 (E.D.N.C. July 2, 2024) ("Generally, a party cannot raise new arguments in a reply brief."). The court finds that these questions can be properly considered in the full context of plaintiff's amended complaint on a fully briefed Rule 12(b) motion should one be filed. The court finds that any prejudice to defendants can be mitigated through the filing of a Rule 12(b) motion fully briefing any deficiencies it perceives in plaintiff's claims. Accordingly, the court gives plaintiff leave to amend his complaint, and deems plaintiff's amended complaint [DE-20] as properly introduced. Accordingly, defendant's motion to strike is denied as moot.

5

## III. CONCLUSION

For the reasons stated above, defendant's motion to strike [DE-23] is DENIED AS MOOT. The court therefore finds that plaintiff's amended complaint [DE-20] is the operative complaint going forward.

SO ORDERED, the 25th day of August, 2025.

_____
Brian S. Meyers
United States Magistrate Judge

6

Case 2:24-cv-00051-M-BM   Document 29   Filed 08/25/25   Page 6 of 6