IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:24-CV-51-M-BM

| | | |
|---|---|---|
| JOE MURDOCK, III,<br>Plaintiff,<br><br>v.<br><br>SHERIFF JOHNNY BARNES, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MEMORANDUM AND RECOMMENDATION** |

This matter is before the court on the motion by defendant Western Surety Company ("Western Surety") [DE-31], with a supporting memorandum [DE-32], to dismiss the claims against it in plaintiff's amended complaint [DE-20] based upon the statute of limitations.[1] Plaintiff filed a response in opposition [DE-40], to which Western Surety filed a reply [DE-43] with five attachments [DE-43-1 to -5] consisting of emails between counsel.

The above motion was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated below, the undersigned RECOMMENDS that the court DENY Western Surety's motion to dismiss [DE-31].

## I. BACKGROUND

### A. Relevant procedural background

On December 4, 2023, plaintiff filed his Application and Order Extending Time to File Complaint against Defendants in Washington County Superior Court. [DE-1-1] at 1. That court

---

[1] Also before the court are plaintiff's counsel's motion to withdraw as attorney [DE-58]; plaintiff's motion for extension of time to obtain new legal counsel and to comply with any pending deadlines [DE-59]; and a joint motion to stay regarding order on motion for extension of time to complete discovery [DE-61]. These motions will be addressed by separate order.

With regard to plaintiff's counsel's motion to withdraw as attorney [DE-58], as plaintiff's counsel was the attorney who filed the response to the instant motion to dismiss and is therefore familiar with the arguments and relevant matters at issue, the undersigned will rule on the motion to withdraw following the court's ruling on the instant motion to dismiss to provide plaintiff's current counsel the opportunity to object or respond to any objections related to the instant memorandum and recommendation.

granted his application and issued an associated summons the same day.[2] *Id.* The order extending time to file complaint required plaintiff to file his complaint by December 24, 2023. *Id.*

Plaintiff filed his delayed service complaint (the "original complaint") in Washington County Superior Court on December 22, 2023, against Sheriff Johnny Barnes, T.W. Keech, Jr., John Doe, Town of Plymouth, Chief Willie Williams, John Doe Surety, as Surety, John Doe # 1, and John Doe #2. *See* [DE-24-1] at 2-6; [DE-24] at 2; [DE-27] at 1. Plaintiff did not serve this complaint on any defendants. *See* [DE-24] at 2; [DE-27] at 1-2. Plaintiff filed an amended complaint (the "state court amended complaint") on August 28, 2024, in Washington County Superior Court. *See* [DE-1-2] at 1; [DE-24] at 2; [DE-27] at 1-2. On October 16, 2024, former defendants Town of Plymouth and Willie Williams[3] removed the case to this court. [DE-1]. On November 14, 2024, Sheriff Johnny Barnes [DE-16], James Hinson [DE-17], and T. W. Keech [DE-18] filed executed waivers of service of summons.

On December 3, 2024, plaintiff filed the instant amended complaint ("amended complaint") against Sheriff Johnny Barnes, T.W. Keech, Jr., James Hinson, Western Surety, John Doe # 1, and John Doe #2. [DE-20]. This amended complaint named Western Surety as a defendant in place of John Doe Surety which appeared as a defendant in the state court amended complaint. The amended complaint alleges ten claims: (1) pursuant to the Fourth Amendment for use of excessive force against Hinson, Keech, JOHN DOE #1, and JOHN DOE #2; (2) pursuant to the Fourth Amendment for use of excessive force against Sheriff Barnes; (3) pursuant to the

[2] Under North Carolina law, the filing and granting of an application and order extending time to file complaint effectively commences a civil action, provided that the complaint is then filed within the time specified in the clerk's order. N.C. Gen. Stat. §1A-1 Rule 3(a); *see also Wooten v. Warren by Gilmer*, 117 N.C. App. 350, 353, 451 S.E.2d 342, 344 (1994) ("The record shows that, pursuant to Rule 3, plaintiff commenced this action on 31 March 1988, before the statute of limitations expired, by filing an application and order extending time to file a complaint.").

[3] On December 3, 2024, plaintiff filed a notice of voluntary dismissal of his claims against Town of Plymouth and Willie Williams. [DE-19]; *see also* [DE-22] at 1 (noting that "[d]efendants [Town of Plymouth and Willie Williams] are no longer parties to this action.").

Fourth Amendment for failure to intervene against Keech, JOHN DOE #1, and JOHN DOE #2; (4) pursuant to the Fourth Amendment for failure to intervene against Sheriff Barnes; (5) pursuant to the Fourth Amendment for failure to train against Sheriff Barnes; (6) for malicious prosecution against Hinson, Keech, JOHN DOE #1, and JOHN DOE #2; (7) for unlawful arrest against Hinson and Keech; (8) for assault and battery against Hinson; (9) for punitive damages against "defendants"; and (10) pursuant to N.C. Gen. Stat. §§ 162-8, 58-76-5 for Suit of Sheriff's Bonds against Western Surety.

*Id.* at 11-22.

On December 9, 2024, defendants filed a motion to strike plaintiff's amended complaint [DE-23], which the court denied [DE-29].

On September 2, 2025, Western Surety filed the instant motion to dismiss [DE-31], with a supporting memorandum [DE-32], to which plaintiff filed a response in opposition [DE-40] on October 21, 2025. On November 3, 2025, Western Surety filed a reply [DE-43] with five attachments [DE-43-1 to -5] consisting of emails between counsel.[4]

On December 1, 2025, plaintiff filed a motion to amend/correct the amended complaint. [DE-45].[5]

**B. Plaintiff's amended complaint [DE-20]**

Plaintiff's amended complaint [DE-20] makes the following factual allegations. On December 8, 2020, [p]laintiff visited a friend's home that "raised suspicions of illegal activity and

---

[4] Western Surety argues in its reply in support of its motion to dismiss that plaintiff has misrepresented several facts in his response in opposition to Western Surety's motion to dismiss. *See* [DE-43] at 4. The undersigned does not find that any of these alleged factual discrepancies impact the instant analysis, except as discussed herein.

[5] The undersigned stayed the deadline for defendants to respond to plaintiff's first motion to amend/correct the amended complaint [DE-45] until 14 days after the court rules on the instant motion to dismiss [DE-31]. *See* [DE-48].

had caught the attention of law enforcement officers" Hinson and Keech of the Washington County Sheriff's Office. [DE-20] at ¶¶ 51-52. After defendants Keech and Hinson arrived, plaintiff "questioned the validity of their presence at the home" which "seemed to get under the skin of the two officers." *Id.* at ¶¶ 53-54. Keech and Hinson ultimately detained plaintiff inside a patrol car while they continued their investigation. *Id.* at ¶ 55.

After obtaining a search warrant to search plaintiff's vehicle, Hinson and Keech searched plaintiff's vehicle and person. *Id.* at ¶ 57. The search revealed "dessert rice krispy treats[,] regular rice krispy treats like the ones first graders might make in class," made by plaintiff. *Id.* at ¶ 58. Plaintiff was subsequently arrested and charged with, *inter alia*, possession of drug paraphernalia. *Id.* at ¶ 60. Plaintiff notes that "[n]o drugs were ever found on [his] person or in his vehicle." *Id.* at ¶ 61.

Plaintiff describes himself as an African American male of above average size. *Id.* at ¶ 63. In the course of his transportation to the Washington County jail, plaintiff was "crammed into the front seat which contained officer Hinson's center console equipment." *Id.* at ¶¶ 62, 64. In order to make plaintiff fit into the vehicle, "Hinson forced [plaintiff] to turn his body at an awkward angle and physically pressed [plaintiff's] face against the window." *Id.* at ¶ 65. This position led to "excessive stress on [plaintiff's] cervical region, resulting in excruciating pain," which was exacerbated by "each bump, each turn,[ and] each unexpected movement of the vehicle." *Id.* at ¶¶ 66, 67. Plaintiff was arrested, booked, and bonded out shortly after processing. *Id.* at ¶ 68.

Plaintiff notes that, after his arrest, he "was forced to attend multiple court dates without a probable cause hearing." *Id.* at ¶ 71. Following his release, plaintiff sought medical treatment for his injuries, and ultimately his charges were dismissed for lack of probable cause. *Id.* at ¶¶ 69, 72.

## II. APPLICABLE LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Ordinarily, the complaint need contain simply "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Yet a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and shows more than "a sheer possibility that a defendant has acted unlawfully." *Id*.; *see SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 425 (4th Cir. 2015) (quoting *Houck v. Substitute Tr. Servs., Inc*., 791 F.3d 473, 484 (4th Cir. 2015)) ("[I]t is not our task at the motion-to-dismiss stage to determine 'whether a lawful alternative explanation appear[s] more likely' from the facts of the complaint." (second alteration in the original)), *as amended on reh'g in part* (Oct. 29, 2015).

In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations of the challenged complaint and view those allegations in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan*

*Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *see also Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 268 (4th Cir. 2005) (noting that the court must accept as true all factual allegations of the complaint). All reasonable factual inferences from the allegations must be drawn in the plaintiff's favor. *Edwards*, 178 F.3d at 244. Yet bare assertions of legal conclusions or formulaic recitations of the elements of a claim are not entitled to be assumed true. *Iqbal*, 556 U.S. at 680-81.

## III. ANALYSIS

### A. Statute of limitations

Western Surety argues that claims against it "should be dismissed because it was not named in this lawsuit until well after the three-year statute of limitations period for doing so had expired." [DE-32] at 3. Plaintiff counters that the instant motion to dismiss "should be denied because [Western] Surety was named in the Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure" and "[i]n Federal Court, unlike in State court, a new party may be added after the expiration of the Statute of limitation expires." [DE-40] at 3 (citing Fed. R. Civ. P. 15(c)(1)(C)).

As noted above, plaintiff's claims against Western Surety arise under N.C. Gen. Stat. §§ 162-8 (requiring sheriffs to furnish a bond) and 58-76-5 (dictating liabilities and rights of action with respect to official bonds). North Carolina dictates a three-year statute of limitations for claims: (i) "[u]pon the official bond of a public officer," N.C. Gen. Stat. § 1-52(1a); (ii) "[a]gainst a public officer, for a trespass, under color of his office," *id.* at § 1-52(13); (iii) "for personal injury," *id.* at § 1-52(16); and (iv) "[f]or assault, battery, or false imprisonment," *id.* at § 1-52(19). Federal courts look to analogous state law claims to determine the statute of limitations for § 1983

claims. *Burnett v. Grattan*, 468 U.S. 42, 49 (1984), *holding modified on other grounds by Wilson v. Garcia*, 471 U.S. 261 (1985).

Under North Carolina law, the statute of limitations for personal injuries generally begins to accrue when "bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs." N.C. Gen. Stat. § 1-52(16). Similarly, "[u]nder federal law[,] a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Doe-2 v. Sheriff of Richland Cnty.*, No. 21-1771, 2023 WL 4026090, at *4 (4th Cir. June 15, 2023) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996)).

Western Surety contends that plaintiff's claims accrued on December 8, 2020, and that the three-year statute of limitations had expired by the time plaintiff named Western Surety as a defendant on December 3, 2024. *See* [DE-32] at 4 ("Not until the plaintiff filed the third version of the complaint, on December 3, 2024, did [plaintiff] identify Western Surety[, which] was nearly four years after the events of which the plaintiff complains, and well after the statute of limitations for a claim against [Western Surety] had run."). Western Surety argues that "[n]aming a 'John Doe Surety' as a defendant" ([DE-43] at 9), as plaintiff did in the state court amended complaint ([DE-1-2] at 2), was "insufficient under state and federal law to meet the statute of limitations" ([DE-43] at 9).

Plaintiff does not contest that the statute of limitations began to accrue on December 8, 2020, or that it expired three years after that date. *See generally* [DE-40]. Rather, plaintiff argues that "[i]n Federal Court, unlike in State court, a new party may be added after the expiration of the Statute of limitation expires." *Id.* at 3 (citing Fed. R. Civ. P. 15(c)(1)(C)). Plaintiff posits that that

"[a]n amendment that adds a new party will still relate back if the party is put on notice within 90 days." *Id.* (citing Fed. R. Civ. P. 4(m)).

Accordingly, the dispositive question here is whether the amended complaint relates back to the filing of the original complaint pursuant to Rule 15(c).[6] The Fourth Circuit has explained that:

> [u]nder Rule 15(c), an amendment to a pleading that replaces or renames a party "relates back" to the original pleading when: (1) the amendment arose out of the same "conduct, transaction, or occurrence" as the original pleading; (2) "within the period set out in Rule 4(m) for serving the summons and complaint," the new party receives notice of the action such that it will not be prejudiced; and (3) the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

*Williams v. Kincaid*, 45 F.4th 759, 774 (4th Cir. 2022) (quoting Fed. R. Civ. P. 15(c)(1)(B)–(C)).

On the first prong, Western Surety concedes that plaintiff's claims against Western Surety arose out of the same transaction as the original pleading. [DE-32] at 7.

**1. Rule 4(m) service period**

With respect to the second prong, Western Surety notes that the original complaint was filed on December 22, 2023, and the amended state court complaint was filed on August 28, 2024. *Id.* Western Surety claims that "plaintiff offers no evidence" to support the assertion that Western "received notice of the lawsuit once Sheriff Barnes received notice of the suit" on September 16, 2024.[7] [DE-43] at 6 (internal citations and quotation marks omitted). Plaintiff argues that "[a]ssuming that the Rule 4 (m) service period began with the [c]ourt's Order [DE-29][, p]laintiff

[6] Neither Western Surety nor other defendants have argued, nor does the undersigned find, that plaintiff's original complaint, which was filed pursuant to a valid delayed service complaint, was untimely. *See generally* [DE-23]; [DE-31]; *see also* N.C. Gen. Stat. §1A-1 Rule 3(a).

[7] The court notes that Western Surety asserts that "plaintiff claims the Sheriff was served on October 16, 2024," citing to plaintiff's brief. [DE-43] at 6 n.4. Yet per the document Western Surety cites, plaintiff asserts that "Sheriff Barnes was purportedly served . . . on September 16, 2024." [DE-40] at 4. As resolution of the discrepancy between service on these two dates would not impact the analysis herein, the court need not resolve this issue.

is well within the 90 day service period." [DE-40] at 5.

Generally, the Rule 4(m) 90-day period contemplated in Rule 15(c) runs from the filing of the original complaint, not an amended complaint. *Preston v. Virginia Cmty. Coll. Sys.*, No. 1:23CV00053, 2024 WL 4564283, at *5 n. 4 (W.D. Va. Oct. 24, 2024) ("Rule 15(c)(1)'s clause, 'within the period provided by Rule 4(m) for serving the summons and complaint' requires that the party to be brought in by amendment receive notice within the Rule 4(m) period provided to serve the *original* complaint, instead of in the period provided to serve the amended complaint.") (emphasis added); *Rumble v. 2nd Ave Value Stores*, 442 F. Supp. 3d 909, 915 (E.D. Va. 2020) ("The Fourth Circuit has made clear that where, as here, an *original* timely Complaint's Rule 4(m) service period has not expired before a prospective defendant (i) receives notice of the action and (ii) knows or should know that the action would have been brought against the prospective defendant, an amendment to add the prospective defendant relates back to the *original* timely Complaint's filing date." (emphasis added)).

Yet when a state court case, in which service has not been perfected, is removed to federal court, the plaintiff has 90 days from removal in which to perfect service. *See* 28 U.S.C. § 1448; Fed. R. Civ. P. 4(m); *see also Neale v. Liberty Mut. Ins. Co.*, No. 6:20-CV-42, 2020 WL 7407468, at *3 (W.D. Va. Dec. 17, 2020) ("A plaintiff in a case removed to federal court has 90 days from the filing of the notice of removal to serve the proper defendants."); *Thompson v. Dollar Tree Stores, Inc.*, No. PWG-17-3727, 2019 WL 414881, at *3 (D. Md. Feb. 1, 2019) ("Typically, '[i]n removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court.'" (alteration in original)) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc*. § 1137 (4th ed. 2015)).

Here, this case was removed to federal court on October 16, 2024. *See* [DE-1].

Accordingly, Western Surety was required to receive notice within 90 days of the removal date, i.e., by January 14, 2025, to satisfy the notice requirements under Rule 15(c). *See* Fed. R. Civ. P. 4(m), 15(c). Plaintiff did not serve Western Surety with a copy of the summons and First Amended Complaint until October 21, 2025. [DE-40] at 5-6. Yet plaintiff contends that "[Western] Surety was put on notice as of October 16, 2024, when defendants accepted service" because "all defendants were represented by the same counsel, and JOHN DOE, SURETY as Surety was named in the Amended Complaint." [DE-40] at 4 (citing [DE-1]) ("At that time Western Surety knew, or should have known, that an action would be brought against it, once their identity was obtained.").

Here, the undersigned need not determine whether Western Surety received notice of plaintiff's claims against it when plaintiff served the other defendants on October 16, 2024. Christopher Geis, counsel of record on behalf of all defendants, filed a notice of appearance [DE-21] on behalf of Western Surety on December 6, 2024, and filed a motion to strike on behalf of Western Surety and the other defendants on December 9, 2024 [DE-23]. Both of these dates are well before the expiration of the Rule 4(m) service period after removal on January 14, 2025. Accordingly, the record of this case demonstrates that Western Surety had notice of the claims within the time required under Rules 15(c) and 4(m).

The only argument that Western Surety makes with respect to prejudice is that allowing service after the expiration of the statute of limitations period "would result in prejudice by eliminating the statute of limitations defense." [DE-43] at 9 (quoting *Weisgal v. Smith*, 774 F.2d 1277, 1279 (4th Cir. 1985)). Yet this outcome, allowing certain amendments to a party's name, which take place after the expiration of the relevant statute of limitations, to relate back to the

original filing date, is expressly what Rule 15(c) contemplates, provided the relevant requirements are met. *See Kincaid*, 45 F.4th 774; *Robinson*, 602 F.3d at 608.

*Weisgal*, cited by Western Surety ([DE-43] at 9), was decided prior to the 1991 amendments to Rule 15(c). *See Weisgal*, 774 F.2d 1277. Prior to such amendments, the Supreme Court held that the relation back requirements under Rule 15(c) were only satisfied if the new defendant received notice of the claim before the statute of limitations expired. *See Schiavone v. Fortune*, 477 U.S. 21, 30 (1986). Yet in 1991, Congress expressly amended Rule 15(c) to change this result. Fed. R. Civ. P. 15(c)(3) advisory committee's note to 1991 amendment ("Paragraph (c)(3) . . . has been revised to change the result in *Schiavone v. Fortune*, . . . with respect to the problem of a misnamed defendant."). The advisory committee notes clarify that as long as an intended defendant receives notice during the period specified under Rule 4(m) for service of a summons and complaint, the action will not fail "on account of a defect in the pleading with respect to the defendant's name, provided that the requirements of clauses (A) and (B) have been met." *Id.* The Fourth Circuit has also articulated this principle. *See McGraw v. Gore*, 31 F.4th 844, 849 (4th Cir. 2022) (quoting *Robinson*, 602 F.3d at 608) ("[T]he 'limitation period for purposes of analyzing whether [a] newly added defendant received notice and should have had knowledge of the action' as required for relation back under Rule 15(c) is not the statute of limitations for the underlying claim, but instead 'the Federal Rule of Civil Procedure 4(m) service period.'" (second alteration in original)). Accordingly, the second prong of Rule 15(c) is also satisfied.

Western Surety's argument that allowing service past the statute of limitations would be "unjust" is also unsupported by case law. [DE-43] at 9. In *Czach v. Intercontinental Hotels Grp. Res., LLC*, the plaintiff similarly filed a complaint in state court before the relevant statute of limitations expired, but filed the amended complaint in federal court naming the proper defendants

seven months after the statute of limitations had run. No. DLB-20-125, 2020 WL 6150961, at *8 (D. Md. Oct. 20, 2020). The court in *Czach* determined that the amendment was not barred by the statute of limitations because the defendants received notice of the amended complaint within 90 days of the case's removal to federal court. *Id.* Furthermore, the court in *Czach* rejected defendants' "equitable argument for dismissal." *Id.* There, the defendants argued that allowing the plaintiff's complaint to proceed would be equivalent to extending the statute of limitations deadline. *Id.* The court observed that with respect to Rule 15, "Rule 4(m) restarts the clock for service at the time of removal, irrespective of how long the case was pending in state court." *Id.*

Western Surety also cites *Rice v. Alpha Security, Inc.* in support of the principle that the additional time afforded to make service when a case is removed to federal court "'does not apply to cases that would have been dismissed as time-barred had [they] remained in state court.'" [DE-43] at 8 (quoting 556 F. App'x 257, 260 (4th Cir. 2014)). Yet *Rice* dealt with a plaintiff's failure to timely serve a named defendant with process in state court prior to removing the case to federal court. *Rice*, 556 F. App'x at 260. It did not address the expiration of a statute of limitations with respect to a mistakenly named defendant nor did it discuss relation back under Rule 15(c). *See id.* The undersigned notes that defendant does not argue that the time to serve defendants expired in state court prior to the removal of this case to federal court. *See generally* [DE-43].

Accordingly, the undersigned finds that the "notice" prong is satisfied.

**2. Substitution for "John Doe Surety" defendant**

With respect to the "mistake" prong, while "the majority of courts [outside of the Fourth Circuit] agree that Rule 15(c)(3)[8] does not permit substitution for 'Doe' defendants after the

---

[8] The court notes that the structure of Rule 15 was amended pursuant to the 2007 Amendment "as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules." Fed. R. Civ. P. 15 advisory committee's note to 2007 amendment. These changes were

limitations period has run," the Fourth Circuit does not declare a categorical rule in this regard. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 470-73 (4th Cir. 2007) ("In the cases of concern, most notably the cases of 'Doe' substitutions, the notice and prejudice requirements of Rule 15(c)(3)(A) and (B) adequately police . . . strategic joinder practice."). The Fourth Circuit explains that:

> reference to "mistake" in Rule 15(c)(3)(B), while alluding by implication to a circumstance where the plaintiff makes a mistake in failing to name a party, in naming the wrong party, or in misnaming the party in order to prosecute his claim as originally alleged, explicitly describes the type of notice or understanding that the new party had.

*Id.* at 470.

As noted above, the "limitation period" for purposes of Rule 15(c) is the applicable Rule 4(m) service period. *See Robinson*, 602 F.3d at 608; *McGraw*, 31 F.4th at 849. Here, Western Surety received notice of plaintiff's "mistake" regarding the identity of the "John Doe Surety" no later than when plaintiff filed his amended complaint [DE-20] and Christopher Geis filed his notice of appearance on behalf of Western Surety [DE-21].

Western Surety quotes *Anderson v. Caldwell County Sheriff's Office* for the principle that "'John Doe' pleadings cannot be used to circumvent statues of limitations." [DE-43] at 9 (quoting No. 1:09CV423, 2010 WL 11549932, at *1 (W.D.N.C. May 3, 2010)). As an initial matter, the *Anderson* court did not rule on the relation back of the substitution of a Doe defendant but reserved "the issue of relation back under Rule 15(C) . . . for determination at a later date." 2010 WL 11549932, at *1. Accordingly, any statements to that regard would only be *dicta*. Further, the *Anderson* court relied on *Locklear v. Bergman & Beving AB* when asserting that the "'substitution

---

"intended to be stylistic only." *Id.* Pursuant to this change the substance of what was formally Rule 15(c)(3)(A)-(B) became Rule 15(c)(1)(C)(i)-(ii). *See id.*; *see also Priester v. Deutsche Bank Nat'l Tr. Co.*, Civil Action No. 4:16-CV-449, 2017 U.S. Dist. LEXIS 102615, at *12 (E.D. Tex. June 30, 2017) (noting that pursuant to 2007 restyling "15(c)(1)(C) replaces former Rule 15(c)(3)").

of named parties for "John Doe" defendants does not constitute a mistake pursuant to Rule 15(c)(3).'" *Id.* (quoting 457 F.3d 363, 367 (4th Cir. 2006)). The Fourth Circuit in *Goodman* distinguished *Locklear* from its own broader definition of "mistake" by explaining that the fatal element of the amendment in that case derived from the lack of notice, not the substitution of a "Doe" defendant. *See Goodman*, 494 F.3d at 472 ("[T]he machine manufacturer did not have the knowledge required by Rule 15(c)(3)(B)."). The *Goodman* court additionally concluded that "[t]o the extent that there is a conflict in holding [between *Goodman* and *Locklear*], [*Goodman*] controls." *Id.*

Other than *Anderson*, Western Surety does not cite to any federal authority to support the principle that substitutions for John Doe defendants cannot relate back to the original complaint. *See* [DE-43] at 9. Western Surety cites *Kelley v. Andrews* in support of the proposition that substitution of a surety defendant does not relate back to the original complaint. [DE-32] at 4-5 (citing 255 N.C. App. 449, 803 S.E.2d 702, *1 (2017) (Table)). In that case, the North Carolina Court of Appeals found an amendment naming the correct surety defendant did not relate back where the "[p]laintiff did name 'John Doe' as the surety defendant, but failed to name the actual surety prior to the expiration of the statute of limitations." *Id.* at *2. Yet *Kelley* was decided under the North Carolina Rules of Civil Procedure and North Carolina jurisprudence, not Rule 15(c) of the Federal Rules of Civil Procedure and applicable Fourth Circuit caselaw. *See id.* As *Kelley* was decided under a different governing standard, it is unhelpful for the court's analysis here.

The undersigned acknowledges that the Fourth Circuit has not explicitly endorsed a reading of Rule 15(c)(1)(C) allowing John Doe substitutions to relate back. *See Goodman*, 494 F.3d at 471 ("[N]aming Doe defendants self-evidently is no 'mistake' such that the Doe substitute has received proper notice."). Yet other courts in this circuit have considered this question to some

degree. In *White v. City of Hagerstown*, the court observed that "[b]oth Circuit precedent regarding 'John Doe' substitutions and the specific facts of this case weigh heavily against [plaintiff]," before finding that the plaintiff's Officer John Doe substitution did not relate back. No. CV JKB-18-3232, 2020 WL 3034852, at *5 (D. Md. June 5, 2020). Yet, the *White* court also noted that "some courts have found that . . . Rule 15(c)(1)(C) allows 'John Doe' substitutions to relate back." *Id.*

Significantly, the facts in the instant case differ from those in *White*. In *White*, the plaintiff made no effort to effect service after the filing of the proposed summons, nor did plaintiff attempt to serve any of the defendants after they were named in the amended complaint. *Id.* at *3. Contrastingly, here, while plaintiff did not serve Western Surety with a copy of the summons and amended complaint within 90 days of removal, Western Surety did receive notice during this period. *Id.* at 5 (contrasting *White* with cases "in which the plaintiff's diligence in providing notice to the 'John Doe' defendant within the presumptive Rule 4(m) 90-day period for the completion of service might support an exception."). Moreover, plaintiff promptly served Western Surety once this court ruled on Western Surety's motion to strike the amended complaint on August 25, 2025 [DE-29], [DE-40] at 5-6 (alleging that Western Surety was served on October 21, 2025). Thus, plaintiff's conduct in the instant case appears markedly different from the plaintiff in *White*. As discussed in greater detail below, while perhaps procedurally improper, plaintiff's delay in serving Western Surety seems to have been motivated by a desire to avoid potentially unnecessary filings during the resolution of a relevant motion rather than inattention. Because the *White* court ruled against the plaintiff on the issue of the John Doe substitution in part due to plaintiff's lack of "diligence in providing notice to the 'John Doe' defendant within the presumptive Rule 4(m) 90-day period," the *White* court's reasoning is inapplicable here. 2020 WL 3034852, at *5.

Furthermore, in *Wilson v. City of Jacksonville, North Carolina*, this court recently considered relation back under Rule 15(c) as it applied to Doe defendants. 682 F. Supp. 3d 481, 492 (E.D.N.C. 2023). This court expressly held that "substituting named parties upon discovery of their identities . . . is a 'mistake' correctable under Rule 15(c)." *Id.* at 494. Noting that "'the mistake language is not the vehicle to address [ ] concerns' associated with 'Doe substitutions,'" this district concluded that plaintiff "may correct a lack of knowledge of the proper party[, including unknown defendants] as a mistake under Rule 15(c)." *Id.* (alterations in original) (quoting *Goodman*, 494 F.3d at 473). Therefore, the undersigned finds that plaintiff's substitution of Western Surety for John Doe Surety satisfies the "mistake" prong under Rule 15(c) in light of the notice provided. As plaintiff's substitution of Western Surety for "John Doe Surety" satisfies the requirements of Rule 15(c) for the reasons discussed above, the timing of this amendment relates back to the filing of the original complaint and is therefore deemed timely.

Western Surety also argues that plaintiff had "no excuse for failing to name the surety" prior to the expiration of the statute of limitations because the surety's identity was a matter of public record and thus easily discoverable to the plaintiff. [DE-32] at 6 (quoting *Kelley*, 255 N.C. App. 449 at *2). Yet even if plaintiff's delay in naming Western Surety as a defendant was unjustified, as Western Surety argues, plaintiff's purported lack of diligence would not necessarily be grounds for denying relation back of the amendment. *See Czach*, 2020 WL 6150961, at *9 (citing *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 552-53 (2010) (explaining that an amending party's diligence was not one of the exclusive requirements set out in Rule 15(c))). As noted by the court in *Czach,* the inquiry around relation back is focused on the fulfilment of Rule 15(c)'s requirements; once satisfied, relation back is required. *Id.* (citing *Krupski,* 560 U.S. at 563). Given that plaintiff has otherwise satisfied the requirements of Rule 15(c), any lack of diligence in

ascertaining the identity of Western Surety does not preclude plaintiff's complaint from relating back.

### 3. Bond claim as North Carolina statutory claim

Western Surety contends that "[t]he bond claim is a North Carolina statutory claim," to which North Carolina substantive law, including statutes of limitations, applies. [DE-43] at 9. The undersigned agrees. Yet the dispositive question before the court is not the length of the statute of limitations period or when it expired. The relevant inquiry is whether plaintiff's amendment naming Western Surety as a defendant relates back to plaintiff's original filing in state court and should therefore be considered timely. For the reasons discussed above, the undersigned finds that plaintiff's amendment naming Western Surety as a defendant relates back to the original filing in state court.

## B. Failure to timely serve

In the alternate, Western Surety argues that "plaintiff could not add Western Surety as a defendant now under the Federal Rules of Civil Procedure, even if the claims against Western Surety were not barred by the statutes of limitations, because of his failure to timely serve it with process." [DE-32] at 8. Plaintiff notes that this court denied defendants' motion to strike as moot and, as discussed earlier, considered plaintiff's amended complaint [DE-20] to be the operative complaint on August 25, 2025, which was less than 90 days before Western Surety was served with a copy of the summons and the amended complaint on October 21, 2025 ([DE-40] at 5 (citing [DE-29])).

As an initial matter, the court notes that Rule 12(b)(5) rather than Rule 12(b)(6) would be the correct vehicle for a motion for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Yet considering this argument on its merits, the undersigned also does not find that dismissal is

appropriate on this basis.

"[A]s it relates to newly added defendants, the time to serve those defendants runs from the filing of the new complaint." *Mullinax v. Treffinger*, Civil Action No. 6:17-cv-01478-AMQ, 2018 WL 2431878, at *7 (D.S.C. May 30, 2018) (citing *McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990)); *Convergence Techs. (USA), LLC v. Microloops Corp.*, 711 F. Supp. 2d 626, 631 n.4 (E.D. Va. 2010) (citing *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)) ("[T]he filing of an amended complaint does not restart the [90]-day period *except as to those defendants newly added in the amended complaint*." (emphasis added)). Pursuant to Rule 4(m), the time for service is generally 90 days after the complaint naming the defendant for the first time is filed. Fed. R. Civ. P. 4(m). Yet, "if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added). Accordingly, the Fourth Circuit has held that "under Rule 4(m), a district court possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause by the plaintiff for failing to serve the defendant during the 90-day period provided by the Rule." *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022).

Here, plaintiff filed the amended complaint, which named Western Surety for the first time, on December 3, 2024. [DE-20]. Plaintiff did not serve Western Surety with a copy of the summons and amended complaint until October 21, 2025, which is more than 90 days after he filed the amended complaint. [DE-40] at 5-6. Yet plaintiff argues that the Rule 4(m) service period should have been equitably tolled while the court was considering defendants' motion to strike. *Id.* at 5. Plaintiff notes that this court denied defendants' motion to strike as moot on August 25, 2025, which was less than 90 days before Western Surety was served with a copy of the summons and the amended complaint on October 21, 2025. *Id.* (citing [DE-29]).

While plaintiff could have served Western Surety during the time the court considered defendants' motion to strike, as noted earlier, plaintiff appears to have been seeking to avoid potentially unnecessary filings and service of process during the resolution of the motion to strike. A motion to stay the deadline for service would have been the correct procedural mechanism to pursue this outcome.[9] Yet, the sentiment behind plaintiff's decision, an attempt to avoid unnecessary filings, is generally to be encouraged. Moreover, plaintiff promptly served Western Surety with a copy of the summons and amended complaint once the court ruled on defendant's motion to strike. *Cf. Robinson*, 602 F.3d at 608 (agreeing that "the . . . service period should have been tolled until the district court screened his *in forma pauperis* complaint and authorized service of process."). Excluding the time this court was considering defendants' motion to strike [DE-23], the period between plaintiff's filing of the amended complaint [DE-20] and its service of the summons and complaint on Western Surety is less than the 90 days required by Rule 4(m).

Accordingly, it is RECOMMENDED that the court, pursuant to its discretion, extend the time for plaintiff to effect service of process on Western Surety until October 21, 2025.

## IV. CONCLUSION

For the reasons stated below, the undersigned RECOMMENDS that the court DENY defendant Western Surety's motion to dismiss [DE-31].

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the respective parties or, if represented, their counsel. Each party shall have until **September 17, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a *de novo* determination) of those portions of

[9] While plaintiff did file motions for extension of time to respond to defendant's first and instant motions to dismiss, *see* [DE-15], [DE-26], neither of these motions seeks to extend the time for service.

the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. Any response to objections shall be filed by the **earlier of 7 days from the filing of the objections or September 22, 2026**.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this 10th day of September, 2026.

Brian S. Meyers
United States Magistrate Judge